UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-154 |
| ALONZO PETERS | SECTION A(3) |

### ORDER AND REASONS RE: PRIOR CONVICTIONS

On August 24, 2016, the Government filed Bills of Information to Establish Prior Convictions (Rec. Docs. 526, 527, 528, 529) against defendants McCoy Walker, Leroy Price, Damian Barnes, and Alonzo Peters pursuant to 21 U.S.C. § 851(a). On February 21, 2017, the jury returned its verdict finding each of these defendants guilty as to the Count 2 drug conspiracy. Pursuant to 21 U.S.C. § 851(b), on March 15, 2017, defendants appeared in court with their attorneys. After being informed that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence, all defendants affirmed that they were previously convicted as alleged in their respective bills of information. (Rec. Doc. 1049, Court's Minute Entry 3/15/17).

Defendants Alonzo Peters, McCoy Walker, and Damian Barnes have filed motions challenging the use of the prior convictions for sentencing enhancement purposes.

**Motions to Strike (Rec. Docs. 652 & 687) — Alonzo Peters and McCoy Walker**

Defendants argue that the imposition of a mandatory life sentence for the Count 2 drug conspiracy would violate their Fifth Amendment due process rights and the Eighth Amendment's prohibition on cruel and unusual punishment.

Defendants' Fifth Amendment argument is premised on the contention that the Government only filed the bills after they refused to accept a plea deal. Defendants contend that the Government acted vindictively and retaliated against them for exercising their right to a jury trial. Defendants point to the timeline of events—the Government filed the bills only fourteen days before trial was originally scheduled to begin in September 2016.

The Court finds insufficient evidence of prosecutorial vindictiveness to support this argument. Section 851 by design gives the Government much discretion to use the prior convictions as an incentive in plea negotiations.

The Court finds no support for the legal argument that a mandatory life sentence on Count 2 would violate the Eighth Amendment.

The motions to strike are DENIED.

**Supplemental Motion to Strike (Rec. Doc. 1046) — Alonzo Peters**

The § 851 bill of information against Peters alleges a Count 1 conviction for possession of cocaine and a Count 2 conviction for possession with intent to distribute marijuana. (Rec. Doc. 529). The offenses occurred on different dates and were the subject of separate criminal cases but the cases were disposed of via pleas taken on May 25, 2011, in the same proceeding. The certified documents from the state court

indicate that on the cocaine charge, Peters received a sentence of 5 years imprisonment, deferred and 5 years of active probation. (Rec. Doc. 1051-2 at 7). On the marijuana charge, Peters received 10 years imprisonment, deferred and 5 years of active probation. (*Id.* at 6). The date of sentencing for both cases was May 25, 2011, and the sentences were to run concurrently. The sentences were imposed pursuant to Louisiana Code of Criminal Procedure article 893.[1]

Unfortunately, Peters was rearrested on August 12, 2011, for violating the terms of his probation, and remained in custody through June 22, 2012, when his probation was revoked. (Rec. Doc. 1051-3 at 5). The state court docket master reflects that the original consecutive sentences of 5 (cocaine) and 10 (marijuana) years became executory on that date. Peters was remanded to the state DOC and the cases were closed.

The pertinent sentencing enhancement provisions of 21 U.S.C. § 841 require a ***prior*** conviction for a felony drug offense that has become ***final***.[2] Section 851, which governs proceedings to establish prior convictions, contains a statute of limitations provision: "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section ***which occurred more***

---

[1] Louisiana Code of Criminal Procedure article 893 allows for suspension and deferral of sentence and probation in certain felony and misdemeanor cases.

[2] "If any person commits such a violation after a ***prior*** conviction for a felony drug offense has become ***final***, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . ." 21 U.S.C. § 841(b)(1)(A)(viii) (emphasis added). "If any person commits a violation of this subparagraph . . . after two or more ***prior*** convictions for a felony drug offense have become ***final***, such person shall be sentenced to a mandatory term of life imprisonment without release . . . ." *Id.*

***than five years before the date of the information alleging such prior conviction.***"
21 U.S.C. § 851(e) (emphasis added).

Peters seeks to challenge the constitutional validity of the Count 1 cocaine conviction by raising Fourth Amendment issues regarding the traffic stop that led to the arrest. If the five year statute of limitations period of § 851(e) applies, then any Fourth Amendment issues pertaining to the Coun1 charge are moot.

The Bill was filed in this case on August 24, 2016. Recognizing that the "final conviction language" of § 841(b) applies to a conviction that is no longer subject to examination on direct appeal, including an application for certiorari to the United States Supreme Court, either because of disposition on appeal and conclusion of the appellate process, or because of the passage, without action, of time for seeking appellate review, *United States v. Morales*, 854 F.2d 65, 69 (5th Cir. 1988), Peters takes the position that his conviction did not become final until thirty days after June 22, 2012—the day he appeared in state court to have his probation revoked and his sentence made executory. Peters contends that prior to June 22, 2012, the conviction remained susceptible to being set aside under Article 893 and therefore it was not "final." If Peters is correct, then the August 24, 2016 filing of the Bill of Information occurred within the five year statute of limitations and leaves the Count 1 conviction open to a Fourth Amendment challenge.

The Government takes the position that the finality of convictions for purposes of § 841 does not turn on diversion programs, deferred sentencing, or revocation. Therefore, according to the Government, the convictions underlying Count 1 and Count

2 of the Bill became final on or about June 24, 2011—thirty days after May 25, 2011—when Peters did not appeal the sentences.

The Court is persuaded that the Government's position is the correct one and that the trigger date for calculating finality is May 25, 2011. The state court docket master indicates that Peters was rearrested on August 12, 2011, and the delay in actually revoking his probation and making his original sentences executory was attributable to his counsel being absent. Peters was brought to court nine times over a several month period but the rule to show cause could not go forward because his attorney was not present. It was not until June 22, 2012, when both Peters and his attorney were present together in court that the revocation could proceed. Peters was in custody at all times so the delays were not attributable to him but the Court is not persuaded that the happenstance of the state court delays inures to his benefit in this federal case.

Perhaps more important, however, is the fallacy of Peters' suggestion that he did not have standing to appeal anything until after the June 22, 2012 revocation. Peters relies on *State v. Johnson*, 390 So. 2d 895 (La. 1980), for the proposition that an appeal did not lie until imposition of sentence, *which in that case occurred at the time of revocation*. The factual scenario in *Johnson* is clear—Johnson pleaded guilty and was given probation with no sentence being rendered at that time. It was only when Johnson actually violated his probation that he was sentenced; so his sentence was imposed and made executory at the same time that the revocation occurred. Normally an appeal as of right would not be available in revocation proceedings but *Johnson* recognizes that a

direct appeal could be taken following revocation when the sentence at issue is actually imposed as part of that proceeding.

But the literal verbiage of Peters' state court criminal record notwithstanding, *imposition* of sentence was not deferred until June 22, 2012 in Peters' case. The trial court *imposed* sentences of 5 and 10 years respectively on the cocaine and marijuana charges but those sentences were deferred in that they were not made executory until probation was revoked on June 22,2012. Article 893 allows a trial court to suspend, in whole or in part, the imposition or execution of sentence in order to place the defendant on probation. La. Code Crim. Pro. art. 893(A). Imposition and execution are distinct terms under Article 893 and it is clear that the trial court in Peters' state criminal cases was using the term *imposition* differently than that term is used in *Johnson*. In other words, what was really deferred in Peters' case was execution of the sentences. Because the trigger date for calculating finality is May 25, 2011, Peters' Count 1 conviction became final on or about June 24, 2011 when he did not appeal. Therefore, by the time the Government filed the Bill of Information on August 24, 2016, the five year statute of limitations has already expired. Peters cannot challenge Count 1 based on constitutional infirmities.

In a related argument, Peters points out that the rationale behind Title 21 enhancement is to punish recidivism in offenders who continue to commit drug crimes *after* their prior drug convictions become final. But in his case he was incarcerated continuously since his re-arrest in August 2011, which means that he did not engage in any additional criminal activity once his state convictions became final, which again he places at thirty days after June 22, 2012.

The Court has already determined that finality occurred in June 2011. In the short time leading up to his re-arrest on August 12, 2011, Peters did commit additional criminal acts in furtherance of the drug conspiracy in this case and that activity was alleged in the Indictment. In this circuit, prior convictions for conduct in furtherance of a drug conspiracy can be used to enhance the statutory penalty for a later conviction under the same conspiracy. *See United States v. Moody*, 564 F.3d 754, 759 (5th Cir. 2009). Therefore, the Count 1 and 2 convictions qualify as "prior" adjudications.

The Supplemental Motion to Strike is DENIED.

**Motion to Strike (Rec. Doc. 1047) — Damian Barnes**

Count 1 of the Bill of Information (Rec. Doc. 528) charges a June 14, 2010 conviction for possession with intent to distribute marijuana. The offense occurred on July 20, 2009.

Barnes argues that the search that led to the arrest and conviction was not supported by probable cause. Like Peters, Barnes was sentenced when he pleaded guilty on June 14, 2010. (Rec. Doc. 459-14, Exh. L. at 9). Even though his period of incarceration was deferred pending successful probation, for the reasons explained with respect to Peters, Barnes's conviction became final on or about July 14, 2010. Because the Bill of Information was filed more than five years later, the § 851(e) statute of limitations precludes Barnes from challenging the conviction based on constitutional infirmities.

Like Peters, Barnes argues that his marijuana conviction occurred after the date that the conspiracy in this case is alleged to have begun, thereby depriving it of status as a "prior" conviction. As the Government points out in its opposition, there was

evidence offered at trial that Barnes engaged in drug trafficking after the 2010 conviction. And again, the law in this circuit does not preclude using the 2010 conviction to enhance Barnes's sentence in this case. *See Moody, supra*.

The Motion to Strike is DENIED.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Strike (Rec. Doc. 652)** filed by Alonzo Peters and adopted by McCoy Walker is **DENIED;**

**IT IS FURTHER ORDERED** that the **Supplemental Motion to Strike (Rec. Doc. 1046)** filed by Alonzo Peters is **DENIED;**

**IT IS FURTHER ORDERED** that the **Motion to Strike (Rec. Doc. 1047)** filed by Damian Barnes is **DENIED.**

March 30, 2017

                                            Judge Jay C. Zainey
                                            United States District Court